WEAVER, J.
(concurring). I concur in the majority’s conclusion that, on a fair reading of the record, the trial court did not find that prospective jurors were excluded on the basis of race in violation of Batson v Kentucky, 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1986). During jury selection, the prosecutor exercised peremptory challenges to excuse prospective jurors Johnson and Bonner. Defense counsel did not object. A short time later, after the prosecution exercised a peremptory challenge to excuse prospective juror Jones, defense counsel asked to approach the bench. Defense counsel objected to excusing Jones, asserting that she was being excused because she was black. In response to defense counsel’s assertion, the prosecutor then explained her reasons for excusing Jones, as well as Johnson and Bonner. Throughout the discussion, the trial court stated that “we are getting close to a serious issue here.” And after noting that the trial court has to accept or reject the prosecutor’s reasons, determining whether they are race-neutral or not, the trial court stated: “And I’m not, I’m saying that I think we’re getting close to a sensitive issue here on Jones and Johnson. That’s all I’m saying. I’m making my record too.” When this *353 entire response is considered, it suggests that the trial court was not finding that a Batson violation had occurred, but was simply cautioning the parties that they may be getting “close” to a sensitive issue. Getting “close to a sensitive issue” is not the same thing as finding that a Batson violation has occurred and a prospective juror has been improperly excused on the basis of race.[1]
Because I conclude that the trial court did not find that a Batson violation occurred, I express no opinion concerning the standard of review for Batson violations under steps two and three of the test or the appropriate remedies for Batson violations.

 Unlike the majority, I do not speculate with regard to the reasons for the trial court’s statements. I simply conclude that after a fair reading of the record, the trial court did not find that a Batson violation had occurred.

 I do not join part 11(C) of the majority opinion because I do not believe that these cases are the proper vehicle to explore when a Batson v Kentucky, 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1986), objection must be raised. In these cases, the Batson objections were made in a relatively timely manner. In this regard, these cases do not present a situation where a party is raising the Batson objection for the first time on appeal. Further, these are not cases where a party waited until the end of trial to make a Batson objection. While I applaud the majority’s efforts to clarify our Batson jurisprudence and provide our lower courts guidance, I must nonetheless refrain from joining part 11(C) of the majority opinion. Because the timeliness of the Batson objections in these cases is not at issue, I would prefer to decide the larger issue of when a Batson objection must he lodged in a more suitable case.